IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUTIMIO SALGADO,

       Petitioner,

v.                                                               CIV 00-1590 LH/KBM

LAWRENCE TAFOYA, Warden, et al.,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on Eutimio Salgado's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, filed November 8, 2000, and Respondents' Motion to Dismiss Petition with Prejudice *(Doc. 12)*. Because he filed after the effective date of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it applies to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 121 S. Ct. 93 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* Having considered the arguments, pleadings, and relevant law, I find the petition untimely and recommend that it be dismissed with prejudice.

### Background & Analysis

       Petitioner was convicted in New Mexico Second Judicial District Court of first degree murder and sentenced to life imprisonment on August 14, 1996. His direct appeal became final on January 26, 1999 when the New Mexico Supreme Court filed its published opinion affirming

the conviction and sentence. Salgado did not file a petition for writ of certiorari with the United States Supreme Court.

Because Salgado filed his federal petition after the April 24, 1996 effective date of the AEDPA, a one-year statute of limitations applies to this case. *E.g., Gibson v. Klinger,* 232 F.3d 799, 803 (10th Cir. 2000). The AEDPA identifies different triggering events for the limitations period and here the applicable provision is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The State contends that the one-year statute of limitations began to run on the date of the state supreme court's decision on Salgado's direct appeal – January 26, 1999. The Tenth Circuit, however, recently held that

> pursuant to § 2244(d)(1)(A) . . ., a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until - following a decision by the state court of last resort - "after the United States Supreme Court has denied review, or, **if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.**" *Rhine* [*v. Boone*, 182 F.3d 1153 (10th Cir. 1999)] at 1155. To the extent that other cases in this circuit may be read to suggest otherwise, (citations omitted) those cases are not to be cited.

*Locke v. Saffle*, __ F.3d __, 2001 WL 82285 (10th Cir. 1/31/01). Thus, Salgado's clock began ticking on April 26, 1999, ninety days after the decision of the state's highest court. Because he failed to file this petition until more than six months after the deadline, Salgado's petition is untimely.

Wherefore,

2

**IT IS HEREBY RECOMMENDED THAT** Respondent's Motion to Dismiss Petition with Prejudice *(Doc. 12)* be granted.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE